**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO.  19-692 |
| | : | |
| STEVE MACK | : | |

## MEMORANDUM

KEARNEY, J.                                                                                           **August 24, 2020**

Steve Mack faces several charges arising from Pennsylvania parole agents' discovery of a

firearm, cocaine, crack cocaine, and ammunition during a parole visit to address an absconder

warrant after he moved from a registered address without notice and could not be found.  He moved

to suppress these items and his statements.  He also *pro se* tacked on a request we dismiss the

charges against him.  We incorporate our detailed findings of fact in today's Memorandum denying

Mr. Mack's Motion to suppress as background consistent with Mr. Mack combining suppression

and dismissal arguments in the same *pro se* supplemental Motion. The Grand Jury sufficiently

plead each element of the charged crimes which could result in a guilty verdict requiring we deny

Mr. Mack's request to dismiss these charges.  Mr. Mack may challenge the weight of this evidence

and the credibility of witnesses consistent with the Federal Rules of Evidence at trial.

I.      **Analysis**

The Grand Jury in the Superseding Indictment charges Mr. Mack with one count of

possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 84l(a)(l);

one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18

U.S.C. § 924(c)(l); and two counts of a convicted felon in possession of a firearm and ammunition

in violation of 18 U.S.C. § 922(g)(l), as well as forfeiture.[1]

Mr. Mack *pro se* supplemented a pending motion to suppress evidence by also requesting we dismiss the Grand Jury's charges under 18 U.S.C. § 924(c)(1) and § 922(g)(1).[2]  Federal Rule of Criminal Procedure 12(b)(3)(B) allows us "to review the sufficiency of the government's pleadings on 'a motion alleging a defect in the indictment.'"[3]  Our review of the indictment is limited to "whether the facts alleged in the indictment, if accepted as entirely true, state the elements of an offense and could result in a guilty verdict."[4]

An indictment is facially sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution."[5]  The indictment must contain "'sufficient factual orientation' to permit a defendant to prepare his defense and invoke double jeopardy."[6] "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred."[7]

### *The Grand Jury sufficiently charged a section 924(c)(1) violation for possessing a firearm in furtherance of a drug trafficking offense.*

The Grand Jury in the Superseding Indictment charges Mr. Mack "knowingly possessed a firearm, that is, a .38 caliber Smith & Wesson, Eastern Arms Co. Model Top Break Hammerless Revolver, bearing serial number 73268, loaded with five live rounds of ammunition, in furtherance of a drug trafficking offense for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(l), (b)(l)(C), as charged in Count One of this indictment. In violation of Title 18, United States Code, Section 924(c)(l)."[8]

In section 924(c)(1) Congress provides: "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, *uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm*, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime" shall be sentenced to certain minimum terms of imprisonment.[9] The elements of the crime are: "(1) the defendant committed either the crime of conspiracy to distribute and possess with intent to distribute a controlled substance or the crime of possession with intent to distribute; (2) the defendant knowingly possessed a firearm; and (3) the defendant knowingly possessed the firearm in furtherance of the crime of conspiracy to distribute or in furtherance of the crime of possession with intent to distribute."[10]

Mr. Mack argues "the mere presence of a firearm without more . . . is not sufficient" and he may not be charged under section 924(c)(1) "merely for storing a firearm near drugs or drug proceeds because such storage without the firearm more active employment is not reasonably distinguishable from mere possession."[11] He argues the United States must prove he committed a "drug trafficking crime" and "knowingly carried a firearm" and the United States failed to prove any drug trafficking crimes.

Mr. Mack cites *Bailey v. United States*.[12] In *Bailey*, the Supreme Court considered the "use" prong of 18 U.S.C. § 924(c)(1), which, in 1995, enhanced penalties for a defendant who "uses or carries a firearm." The Court held as a matter of statutory interpretation the "use" prong punishes only "active employment of the firearm" and not mere possession.[13] In 1998, three years after *Bailey*, Congress amended section 924(c)(1) to include, among other changes, the word

"possess" known as "the *Bailey* Fix Act."[14]  To the extent Mr. Mack relies on *Bailey* to argue he may not be charged under section 924(c)(1) for possession, *Bailey* is overruled by Congress's amendment to section 924 and we reject Mr. Mack's motion on this basis.

Mr. Mack next argues he may not be charged under section 924(c)(1) simply for possessing a firearm because the firearm must have some "some purpose or effect with respect to the drug trafficking crimes." Mr. Mack cites several cases, including *United States v. Sparrow*, for support.[15]  In *Sparrow*, our Court of Appeals held the "mere presence" of a firearm is not enough for conviction under 924(c)(1); "[w]hat is instead required is evidence more specific to the particular defendant, showing that his or her possession actually furthered the drug trafficking offense."[16]  Accordingly, the United States must prove the firearm "advanced or helped forward a drug[-]trafficking crime."[17]  Our Court of Appeals directs us to consider "eight nonexclusive factors" to determine whether the firearm advanced the drug trafficking crime: "[t]he type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found."[18]

But we are not concerned with proofs and evidence in evaluating a Rule 12 motion.  A Rule 12 motion is not "a permissible vehicle for addressing the sufficiency of the government's evidence."[19]  "Evidentiary questions"—such as credibility determinations and the weighing of proof—"should not be determined at th[is] stage."[20]  In reviewing a Rule 12(b)(3)(B) challenge to the sufficiency of the indictment, we are limited to "facts alleged within the four corners of the indictment, not the evidence outside of it."[21]

The Superseding Indictment is sufficient on its face.  Mr. Mack challenges evidence not the sufficiency of the indictment.  We deny Mr. Mack's Rule 12(b)(3)(B) motion on this ground.

Mr. Mack lastly argues the United States "failed to prove" drug trafficking crimes and has "no evidence at all including any surveillance investigation with no controlled purchases, also the government has failed to prove that the defendant knowingly possessed a firearm or that it was possessed in furtherance of a drug trafficking crime with active employment such as brandishing, displaying, battering, striking with, firing or attempting to fire leaving the charge of defendants [sic] 924(c)(1) to be unconstitutionally vague" and should be dismissed.[22]  Mr. Mack does not support his vagueness argument and appears to again argue insufficiency of evidence. We deny Mr. Mack's Rule 12(b)(3)(B) motion on this ground.

### *The Grand Jury sufficiently charged a section 922(g)(1) violation.*

The Grand Jury in the Superseding Indictment charges Mr. Mack "knowing he had previously been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is, a .38 caliber Smith & Wesson, Eastern Arms Co. Model Top Break Hammerless Revolver, bearing serial number 73268, loaded with five live rounds of ammunition, and the firearm was in and affecting interstate and foreign commerce. In violation of Title 18, United States Code, Section 922(g)(1)" and "knowing he had previously been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition, that is, 51 rounds of Remington, .38 caliber ammunition, 50 rounds of Federal, .40 caliber ammunition, 50 rounds of Remington, .45 caliber ammunition, 1 round of Tulammo, 9 mm ammunition, and 1 round of Speer, .40 caliber ammunition, and the ammunition was in and affecting interstate and foreign commerce. In violation of Title 18, United States Code, Section 922(g)(1)."[23]

In section 922(g)(1), Congress makes it unlawful for "any person-- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."[24]

The United States must prove four elements to convict Mr. Mack under section 922(g)(1): "(1) the defendant was a felon; (2) the defendant knew he was a felon; (3) the defendant knowingly possessed a firearm or ammunition; and (4) the firearm or ammunition was in or affecting interstate commerce."[25]  Mr. Mack argues the United States "has yet to prove any of these elements exist" in his case and he "never possessed a firearm knowingly and the firearm Mr. Mack is being charged with definitely didn't affect interstate commerce [sic] leaving the charge of [section] 922(g) to be upon an unconstitutional statute."[26]  Mr. Mack complains there is no evidence to support the "unconstitutional" charges against him.

Like his challenge to section 924(c)(1), Mr. Mack contests the sufficiency of the evidence not the sufficiency of the indictment under Rule 12(b)(3)(B).  At this stage, we are not weighing proofs and judging credibility; we leave those issues for the jury.  Under Rule 12(b)(3)(B), we simply review the sufficiency of the indictment.  The Grand Jury lists the elements of the offenses, sufficiently advises Mr. Mack "of what he must be prepared to meet," and allows him "to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution."[27]  We deny Mr. Mack's motion on this ground.

### *Allegations regarding parole agents' perjury.*

Mr. Mack additionally argues Supervisor Wank and Agent Tiffany perjured themselves at an October 30, 2019 preliminary hearing in Philadelphia Municipal Court making them non-

credible witnesses.[28]  Mr. Mack highlights various portions of the agents' testimony he believes are inconsistent and contradictory evidencing perjured testimony.

As explained, we do not address credibility of witnesses on a Rule 12(b)(3)(B) motion. Mr. Mack may cross-examine Supervisor Wank and Agent Tiffany at trial.  We deny Mr. Mack's Rule 12 motion on this basis.

### *We have jurisdiction over this matter.*

Although not well developed, Mr. Mack suggests we lack subject matter jurisdiction where the Grand Jury does not charge a federal crime or the charge is based on an unconstitutional statute.[29]  Congress, under 18 U.S.C. § 3231, confirms "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." The Grand Jury charges Mr. Mack with violating three federal criminal statutes and Mr. Mack offers no basis whatsoever to find these statutes are unconstitutional.  We deny Mr. Mack's jurisdictional challenge.

## II.    Conclusion

We deny Mr. Mack's motion to dismiss the Superseding Indictment.  He may challenge the quantum of evidence at trial and challenge the credibility of the agent's testimony based on earlier statements or otherwise as permitted by the Federal Rules of Evidence.

---

[1] ECF Doc. No. 41.

[2] Federal Rule of Criminal Procedure 12(b)(3)(B) provides: "The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits: … (B) a defect in the indictment or information, including: (i) joining two or more offenses in the same count (duplicity); (ii) charging the same offense in more than one count (multiplicity); (iii) lack of specificity; (iv) improper joinder; and (v) failure to state an offense."

[3] *United States v. Bergrin*, 650 F.3d 257, 268 (3d Cir. 2011).

[4] *Id.* (quoting *United States v. DeLaurentis*, 230 F.3d 659, 660–61 (3d Cir. 2000)).

[5] *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (quoting *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007)).

[6] *Id.* (quoting *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007)).

[7] *Id.* (quoting *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005)).

[8] ECF Doc. No. 41.

[9] 18 U.S.C. § 924(c)(1) (emphasis added).

[10] *United States v. Bobb*, 471 F.3d 491, 496 (3d Cir. 2006).

[11] ECF Doc. No. 56 at 14.

[12] 516 U.S. 137 (1995).

[13] *Welch v. United States*, — U.S. —, 136 S.Ct. 1257, 1267, 194 L.Ed.2d 387 (2016) (citing *Bailey,* 516 U.S. at 144).

[14] *United States v. O'Brien*, 560 U.S. 218, 233 (2010); *Welch*, 136 S.Ct. at 1267.

[15] 371 F.3d 851, 853 (3d Cir. 2004).

[16] *Sparrow*, 371 F. 3d at 853.

[17] *United States v. Heath*, 778 F. App'x 170, 172 (3d Cir. 2019) (quoting *Sparrow*, 317 F.3d at 853).

[18] *Id.*

[19] *Bergrin*, 650 F.3d at 265 (quoting *DeLaurentis*, 230 F.3d at 660–61).

[20] *Id.* (quoting *United States v. Gallagher*, 602 F.2d 1139, 1142 (3d Cir. 1979)).

[21] *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007).

[22] ECF Doc. No. 56 at 15.

[23] ECF Doc. No. 41.

[24] 18 U.S.C. § 922(g)(1).

[25] *United States v. Benamor*, 937 F.3d 1182, 1186 (9th Cir. 2019) (footnote omitted) (citing *Rehaif v. United States*, — U.S. —, 139 S. Ct. 2191, 2194, 204 L.Ed.2d 594 (2019)).

[26] ECF Doc. No. 56 at 16.

[27] *Huet*, 665 F.3d at 595.

[28] ECF Doc. No. 56 at 17.

[29] *Id.* at 14.